# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1365

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * On remand for reconsideration |
| v. | * from the United States |
| | * Supreme Court. |
| Michael Greenlaw, | * |
| a/k/a "Mikey," | * |
| | * |
| Appellant. | * |

_____

Submitted: July 29, 2008
Filed: August 13, 2008

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

In our earlier decision in this case, <u>United States v. Carter</u>, 481 F.3d 601, 611 (8th Cir. 2007) (consolidated with <u>United States v. Greenlaw</u>), we affirmed the district court[1] in all respects except with respect to Michael Greenlaw's (Greenlaw) sentence. We vacated Greenlaw's sentence of 442 months imprisonment and remanded the case

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

to the district court for resentencing.[2]  Our decision was based on the district court's plain error in failing to impose upon Greenlaw the statutory mandatory consecutive minimum sentence of 25 years for Count 10.  Carter, 481 F.3d at 608.  In remanding the case to the district court with instructions to increase Greenlaw's sentence, we noted the government objected at sentencing to the district court's error in excluding the statutory mandatory sentence, but the government did not appeal the error.  Id.

The Supreme Court granted Greenlaw's petition for certiorari and vacated our judgment with respect to Greenlaw's sentence holding "that, absent a Government appeal or cross-appeal, the sentence Greenlaw received should not have been increased."  Greenlaw v. United States, 554 U.S.__, 128 S. Ct. 2559, 2562 (June 23, 2008).  Utilizing the principle of party presentation and 18 U.S.C. § 3742(b), the Supreme Court concluded "Rule 52(b) does not invite appellate court interference with [the Department of Justice Officers'] assessment" not to pursue an appeal of a sentencing error in which the district court failed to apply a statutory mandatory consecutive minimum sentence.  Id. at 2567.

We now affirm the district court's original sentence of 442 months imprisonment imposed upon Greenlaw.  Because the Supreme Court's decision does not affect our original decision affirming the district court's judgment in all other respects, we reinstate our original opinion, with this opinion only serving to change our decision vacating and remanding Greenlaw's sentence.  The district court is affirmed on all issues.  The case is remanded to the district court with instructions to vacate its resentencing judgment entered on August 28, 2007, and to reimpose its now affirmed original judgment.

_____

[2]Further explanation of the underlying facts of this case may be found at Carter, 481 F.3d at 604-05.